IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARION CARNEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv1053-MEF |
| | ) | |
| LT. JORDAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 30, 2007, Plaintiff Marion Carney, Sr. (Carney), filed a Complaint against two officers in the Houston County Sheriff Department and, potentially, that sheriff's department itself. Carney also filed a Motion to appear *In Forma Pauperis* (Doc. #2); that motion was filed unsworn. On February 13, 2008, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #3).

Two days later, this Court ordered (Doc. #4) Carney, on or before March 7, 2008, to file an Amended Motion to Appear *In Forma Pauperis*, because of the deficiencies identified above in Carney's original motion. Further, because Carney's Complaint suffered from fatal defects, the Court ordered Carney to file an Amended Complaint, which stated the wrongful act committed by each Defendant, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act of wrongdoing, and the specific injury or damage to Carney as a result of each act of wrongdoing on or before March 7, 2008. The undersigned further ordered Carney

to clarify with documentation (including case number, indictment or information, etc.) if he faces any pending criminal charges arising out of the arrest discussed in his Complaint or if any outstanding warrants remain against him.  Additionally, the undersigned directed Carney to explain the following sentence: "my ex-wife was violating an order of protection that she had placed on me" by describing what this order is and how this order of protection came into effect.  Compl. (Doc. #1) at unnumbered page 4.

To date, Carney has not complied with this Court's Order, nor has he filed an Amended Motion to Proceed *in forma pauperis*.  Moreover, the undersigned observes no motions for an extension of time have been filed.

The undersigned warned Carney that his "failure to submit the [amended] application to appear *in forma pauperis* may lead the undersigned to recommend . . . dismissal of his Complaint for failure to comply with the Court's Order."  Order of February 15, 2008 (Doc. #4).  Furthermore, the Court cautioned Carney that his "failure to comply with [the Court's] Order will lead the undersigned to recommend to the district judge that the Complaint be dismissed for failure to comply with this Court's Orders and abandonment of his claim(s)."  Order of February 15, 2008 (Doc. #4).

Accordingly, it is the RECOMMENDATION of the Court that Carney's claims be DISMISSED with prejudice for his failure to pay the requisite filing fee, comply with the Orders of the Court, and failure to prosecute this action.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before March 31, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 17th day of March, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE